PIPER, Appellant, v. HOLE, Respondent

(16 N. W.2d 542)

(File No. 8719. Opinion filed December 9, 1944.)

**W. J. Hooper,** of Gregory for Appellant.

**Don G. Grieves** and **Roscoe Knodell,** both of Winner, for Respondent.

SICKEL, J. Plaintiff is the owner of the Southwest Quarter of Section Thirty-two, Township Forty, Range Twenty-seven on the south boundary of Mellette County. Defendant is the owner of the Northwest Quarter of Section Five, Township Thirty-nine, North Range Twenty-seven on the north boundary of Todd County. The farms adjoin each other at the county line. In the year 1937 the defendant was a tenant in possession of both tracts. He bought the Todd County land that year and built a fence on the party line between these two quarter sections. The plaintiff bought the Mellette County land in March, 1941, and took possession of it at that time. About a year later the defendant started to remove the fence which he had previously built, and the plaintiff commenced this action to enjoin him from doing so. Judgment was entered for defendant and the plaintiff appeals.

Appellant claims that the evidence in this case is insufficient to justify the finding that the fence is the property of Respondent Hole. In support of this contention the appellant claims that the fence was placed on the Mellette County land while Hole was in possession of it as a tenant, that it was not removed during the continuance of the term of the lease, and that therefore the fence belongs to appellant under the provisions of SDC 51.1103.

The evidence shows that Hole furnished all the materials for the fence and built it between the two tracts. It was located approximately, if not precisely, on the boundary line. Piper never reimbursed Hole for any part of the value of it. Therefore, the fence was the property of Hole who had the

244

right to move it away. Murray v. Van Derlyn, 24 Wis. 67; Jones v. Derosset et al., Mo. App., 185 S. W. 239; 36 C. J. S., Fences, § 16, p. 659.

█ Appellant also claims that the court erred in finding that no settlement was made between the parties whereby Hole lost the right to remove the fence. In support of this assignment, the appellant claims that the testimony shows that all the differences between the appellant and respondent were settled a year before this action was commenced, and that such settlement included the rights of the parties in and to this fence.

The evidence shows that at or about the time Piper took possession of the Mellette County land in March, 1941, Hole told Piper that he, Hole, owned the fence. The evidence also shows that Piper did not dispute this claim made by Hole at the time and never asserted any right or interest in the fence until about a year later when Hole started to move it. There was no controversy between them about this fence at the time the settlement was made. Therefore, the rights of the parties in this fence were not affected by the settlement. 15 C. J. S., Compromise and Settlement, § 28, p. 747.

The judgment of the circuit court is affirmed.

All the Judges concur.